[No. 1499.]

W. E. ESHER *v.* THE STATE.

1. CONTINUANCE—PRACTICE IN THIS COURT.—In the absence of a bill of exceptions this court will not consider the action of the court below in refusing an application for a continuance.

2. MURDER IN THE SECOND DEGREE—CHARGE OF THE COURT.—See the statement of the case for evidence which is held not to demand a charge upon a lower grade of offense than murder in the second degree.

3. NEWLY DISCOVERED EVIDENCE—DILIGENCE—NEW TRIAL.—See the opinion *in extenso* for circumstances under which the trial court properly overruled a motion for new trial, based in part upon newly discovered evidence, because the evidence proposed was either not newly discovered, or diligence was not used to discover it.

APPEAL from the District Court of Cass. Tried below before the Hon. B. T. Estes.

The indictment charged the appellant with the murder of Charles Hefferman, in Cass county, Texas, on the twenty-second day of September, 1882. His trial resulted in his conviction of murder in the second degree, and the punishment assessed by the verdict was a term of twenty years in the penitentiary.

L. Hall was the first witness introduced on behalf of the prosecution. The substance of his testimony was that he was one of a squad of men employed on section number fifty-five of the Texas and Pacific railway company, in Cass county, Texas, and was so employed on September 22, 1882, on the night of which day the defendant stabbed the deceased. At about eight o'clock on that night the deceased, who had gone to bed, got up and went out of the room for some purpose unknown to the witness. When the deceased returned, the defendant was standing in the door of the room, and about this time he, the defendant, called out to John Akerson, the foreman of the section, but for what purpose the witness did not know, as he heard no words pass between them. As the deceased came into the room on his return, he told the defendant to go to bed and hush. Thereupon the defendant took his knife from a table on which it lay, and asked the deceased to what extent it was his business. He said to the deceased: "I can whip any d—d Dutch son of a b—h," and at the same time seized the deceased with his left hand, and with his right stabbed the deceased three or four times in the left side under the nipple, and in the left side of the neck.

The witness was in bed at the time of the assault, between twenty-five and fifty feet distant from the parties, and made no effort to prevent the defendant from stabbing the deceased. The witness got up from bed and dressed when he saw the fight commence. Akerson came into the room presently, and ordered the defendant to throw down the knife; which the defendant refused to do. Thereupon Akerson kicked the defendant, and knocked him down. There was no whisky about the premises on that night.

John Akerson, foreman of section number fifty-five of the Texas and Pacific railway company, in Cass county, Texas, testified, for the State, that he saw the defendant stab the deceased Charles Hefferman, at the section house on the section described, on the night of September 22, 1882. There was a dining room between

the bed room in which the stabbing occurred, and the kitchen in which the witness was at the time. The defendant first attracted the attention of the witness about nine o'clock, by calling the witness to get a drink of whisky. The witness told him that he could not get a drink, and passed no other words with him. The deceased was cut three or four times in the left side and neck, and died about seven days after the wounds were inflicted. When the witness saw the defendant cut the deceased, he went into the room and ordered the defendant to drop his knife, which the defendant refused to do. Thereupon the witness kicked him in the breast, and struck him in the mouth, knocking him down. His knife dropped from his hand as he fell. The defendant was then tied hand and foot, but contrived to make his escape. He was re-arrested in Jefferson, ten miles distant, upon a telegram sent by the witness.

S. J. Morris testified, for the State, that he was a physician, and as such was called to see the deceased on the day after he was cut. He saw the deceased at section number fifty-five, of the Texas and Pacific railway company, in Cass county, Texas, and found three wounds in his left side; one of which was under the nipple. The witness did not probe the wounds, but was of opinion that death resulted from the wound under the nipple. He knew nothing about the difficulty.

J. Y. Mathews testified, for the State, that he was a practicing physician, and as such was called to see the deceased after he was cut. He described the wounds as they were described by Doctor Morris, except that he located one of them in the left side of the neck. He was of opinion that the wound under the left nipple was the indirect cause of the death of the deceased. When the witness reached section fifty-five, he found the defendant tied down hand and foot, and, as he and Akerson passed the defendant, Akerson raised his foot to kick the defendant. The witness protested, saying "you have him tied down, and it won't be right to kick him.

W. H. Rand testified, for the defendant, that he was sheriff of Cass county in September, 1882. When the defendant was placed in jail he had four or five bruises on his face and left arm. They were fresh bruises, and appeared to have been made by biting. The defendant's left arm is perished away, and was so perished when the difficulty occurred.

The motion for new trial alleged that the court erred in refusing the application for a continuance, that the verdict was

2 M

against the law and the evidence, and that the court erred in defining implied malice, and failed to instruct the jury as to what state of circumstances would excuse or justify the killing, or reduce it to manslaughter. The motion was further predicated upon the affidavit of one J. P. Wood to the effect that he, Wood, on January 25, 1883, saw one John McGloskey in Kildare, Texas, who stated that he, McGloskey, was present and saw the difficulty; that there were three men on the defendant at one time; that the men were taken off by a woman; that the defendant did not cut the deceased until afterwards, and that the entire party were drunk at the time.

O'Neal & Son, for the appellant.

J. H. Burts, Assistant Attorney General, for the State.

WHITE, P. J.    If a bill of exceptions had been saved to the action of the court in overruling defendant's application for continuance, we would feel strongly inclined to reverse the judgment in order that he might produce the testimony of the absent witness on another trial.    But no bill of exceptions was saved.    Without a bill of exceptions this court has no authority to revise the action of the lower court in the matter.    Such has been the uniform rule in this State for so many years, and has been iterated and reiterated in so many decisions of the courts, that it is a subject of surprise that it should be overlooked by counsel, or that we should be urged to act in the face of the rule. (Harris v. The State, 6 Texas Ct. App., 97; Plumley v. The State, 8 Texas Ct. App., 530; Taylor v. The State, 12 Texas Ct. App., 489.)

With the evidence just as it appears in the statement of facts, the learned judge who tried the case committed no error in declining to charge upon a lower grade of offense than murder in the second degree.    (Neyland v. The State, decided at the present term, ante, p. 537.)    As given, the charge was applicable to the facts, and was a sufficient and a correct enunciation of the law. (Cox v. The State, 41 Texas, 3.)

Complaint is made that the court erred in overruling defendant's motion for new trial, based in part upon newly discovered evidence.    If the witness McGloskey was present at the difficulty, then defendant must have known, or could easily have ascertained the fact; and if he knew, or could by ordinary care

and effort have known this fact, then the evidence does not come within the rules of newly discovered testimony, nor does defendant show such diligence as would entitle him to a new trial upon this ground. (*Burns* v. *The State*, 12 Texas Ct. App., 270; Clark's Crim. Laws of Texas, pp. 571, 572, 573, and notes.)

So far as it is legitimately a subject for revision, the record before us discloses no reversible error, and the judgment is therefore in all things affirmed.

*Affirmed.*

Opinion delivered March 17, 1883.